IN THE MATTER OF MAX STEINERT, AN ATTORNEY.

*Contempt — imprisonment of an attorney for a failure to pay a fine — what statements as to his inability to pay it do not justify his discharge — Code of Civil Procedure, sec. 2286 — 1843, chap. 9.*

An attorney having been confined in jail for the period of three months and two days for the non-payment of a fine imposed upon him by way of punishment for contempt, applied to be released upon the ground of his inability to pay the fine. His affidavit stated that he had no means wherewith to pay it and that his relatives were not in such pecuniary circumstances as to enable them to pay it for him. No details were given, nor were his statements in any way corroborated. In his affidavit, made on this application for his discharge, he swore that if given an opportunity he would pay the amount due, and believed he could do so in the course of a year or two. Upon the issue of the warrant for his arrest he had given bail for his appearance in the sum of $1,000.

*Held,* that the statement made by him did not warrant the court in discharging him.

That the order discharging him should be reversed, and he should be recommitted to prison, unless he should enter into a bond, with one or more sufficient sureties, conditioned for the payment of the fine in three equal annual installments.

That, in a proper case, if he could not be lawfully released under section 2286 of the Code of Civil Procedure, he could be under chapter 9 of 1843.

APPEAL from an order made at a Special Term held at chambers discharging Max Steinert, an attorney and counselor-at-law, from arrest and imprisonment under a warrant of commitment granted by this court.

The motion for the discharge of Mr. Steinert was made on his affidavit and on the warrant of commitment.

In his affidavit he stated, among other things, that if relieved from imprisonment he would, with the assistance of his relatives and with money which he believed he would be able to earn, pay the whole of the fine in the course of a year or so ; and he swore that if given an opportunity he would pay every dollar of the amount.

*William C. Clifford* and *Henry Bischoff, Jr.,* for Simmermeyer, appellant.

*J. C. Julius Langbein,* for Max Steinert, respondent.

DANIELS, J. :

At the time of his release the attorney had been in custody for the period of three months and two days for the non-payment of a fine of $1,100 imposed upon him by way of punishment for a con tempt. It is not necessary to inquire whether he could be lawfully released under section 2286 of the Code of Civil Procedure, for by chapter 9 of the Laws of 1843 similar authority was given to the court over cases of this description. Under one or the other the court certainly, in a proper case, has the power to relieve the person imprisoned. But for the purpose of entitling him to such relief it is required to be shown that the party imprisoned is either unable to endure the imprisonment or to pay the sum required by him to be paid. It was not shown that Steinert was unable to endure further imprisonment. All that was stated in his affidavit was that he was unwell and feared that longer imprisonment would permanently injure his health. This was very far from showing that he could not endure further imprisonment; and it was not asserted for that purpose, but merely as a reason why an order should be made allowing the motion to be brought on without giving the usual notice. The real ground, upon which the affidavit disclosed it to be the purpose upon which to apply for his discharge, was the inability of the attorney to obtain the money required to make payment of the fine. · And what he said upon this subject was that he had no means with which to pay it, and that his rela- tives were not in such pecuniary circumstances as to enable them to make the payment for him. This was substantially the statement upon which he was discharged from imprisonment. It was made without detail or any corroboration whatever and proceeded from the party himself, whose misconduct appears to have been of no common character, and by the opinion given on the determination of his case it certainly should not have been credited (*Matter of Steinert*, 24 Hun, 246), for it was then made to appear that " he had been guilty of several criminal offenses in his efforts to retain the moneys collected by him," and as a mere matter of punishment it was due to the proper administration and observance of professional obligations and good conduct that the imprisonment should have been prolonged beyond the time to which it was allowed to extend.

When the attachment was issued upon which the attorney was

arrested he was able to obtain bail for his appearance in the sum of $1,000; and there is reason to believe from this circumstance that he had the ability of securing the future payment of this fine, or some substantial portion of it, in order to obtain his release from imprisonment. And if he had his sworn determination to pay the demand after his release should be required to be observed in that manner. Upon the simple statement made by him his discharge was unwarranted, unless proceedings of this nature are to be divested of their corrective character and allowed to degenerate into a solemn legal farce.

The order should be reversed and the motion denied and the attorney recommitted to prison unless he shall enter into a bond, with one or more sufficient sureties, for the payment of the fine imposed upon him in three equal yearly installments, which will afford him a longer period for that purpose than the one mentioned by him in his affidavit as necessary.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, motion denied. Order entered as directed in opinion.